UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARA ESTEBAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-3501-B |
| | § | |
| STATE FARM LLOYDS and AARON A. GALVAN, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Plaintiff's Amended Motion to Remand (doc. 6), filed October 16, 2013. For the reasons stated below, the Court finds that the Motion should be, and hereby is, **GRANTED**.

## I.

## BACKGROUND

This case arises out of an insurer's alleged failure to properly adjust and pay the full proceeds due on a claim made under an insurance policy. Plaintiff Sara Esteban purchased an insurance policy ("the Policy") from Defendant State Farm Lloyds ("State Farm") to insure real property that she owned in Dallas, Texas ("the Property"). Doc. 1-5, Orig. Pet. Ex. C, at 2-3.[1] On March 23, 2013, a wind and hailstorm struck the Dallas area, causing significant damage to homes and businesses in the area. *Id.* at 3. The Property suffered roof and water damage as a consequence of the storm, and Esteban submitted a claim to State Farm to cover the costs of repair. *Id.* Defendant Aaron Galvan

---

[1]The Court draws the relevant background facts from the Esteban's Original Petition, filed in state court.

- 1 -

was assigned by State Farm to adjust Esteban's claim. *Id.* At all relevant times during the adjustment of Esteban's claim, Galvan acted as an independent adjuster and was not an employee of State Farm. *See* Doc. 1-5, Galvan Report Ex. C; 4, Defs.' Resp. 4. Esteban alleges that Galvan "improperly adjusted" her claim, and that his subsequent report "failed to include many of [Esteban]'s damages." Doc. 1-5, Orig. Pet. Ex. C, at 3-4. More specifically, Esteban charges that "[h]is estimate did not allow adequate funds to cover repairs to restore [her] home" and that Galvan "misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy." *Id.* at 4. Esteban also insists that Galvan advised her as to how she could repair the Property in order to prevent further damage, but that this advice was negligent and false. *Id.*

Esteban maintains that, as a consequence of Galvan's misrepresentations, State Farm wrongfully denied portions of her claim and misrepresented the amount of damages, which in turn prevented her from properly repairing the Property and caused further damage. *Id.* at 4-5. Specifically, while State Farm and Galvan represented that Esteban's damages were only $1,932.72, Esteban insists that her damages exceed $33,000. *Id.* at 4. Esteban asserts that State Farm has not performed its contractual duty under the Policy and that it has failed to settle her claims in a fair manner. *Id.* at 5. She also insists that Defendants' respective failures to properly adjust, inspect, or communicate with her regarding her claims, or to later fully compensate her, constitute violations of the Texas Insurance Code. *Id.* at 5-8.

Esteban filed her Original Petition in state court on July 26, 2013, alleging causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, fraud, conspiracy, aiding and

abetting, negligence, gross negligence, and negligent misrepresentation. *Id.* at 8-19. Defendants removed this case to federal court on August 30, 2013, claiming that this Court has diversity jurisdiction over this matter. Doc. 1, Notice of Removal 2. Esteban moved to remand on September 17, 2013, and she then filed an Amended Motion to Remand on October 16, 2013.

## II.

## LEGAL STANDARD

Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing it. *Id.* In the removal context, this is the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendants may remove an action filed in state court to federal court if the parties are of completely diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441(a). Here, because Galvan is a citizen of Texas, 28 U.S.C. § 1441(b) prevents Defendants from removing the case unless Galvan has been improperly joined. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Consequently, Defendants must show that Esteban improperly joined Galvan in order to establish federal subject matter jurisdiction. *See McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333-34 (5th Cir. 2004).

There are two ways a defendant may demonstrate improper joinder: (1) by showing actual fraud in the pleading of jurisdictional facts, or (2) by proving that the plaintiff will be unable to

establish a cause of action against the non-diverse defendant under the applicable law. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Under this second method, defendants must establish that there is no reasonable basis to predict that a plaintiff will be able to recover against the disputed defendants under applicable Texas law. *See Smallwood v. Illinois Cent.*, 385 F.3d 568, 573 (5th Cir. 2004). In other words, a defendant must show that "there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.* In order to predict whether a plaintiff has a reasonable basis of recovery under state law, a Court may either (1) conduct a Rule 12(b)(6)-type analysis to determine whether the allegations of the plaintiff's complaint state a claim under state law against the in-state defendant, or (2) pierce the pleadings and conduct a summary inquiry to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Id.* at 573-74. A court must view all factual allegations in the light most favorable to the plaintiff, and any contested issues of fact or ambiguities of state law must be resolved in the plaintiff's favor. *Travis*, 326 F.3d at 649. Thus, Defendants assume a heavy burden in establishing improper joinder. *Id.*

## III.

## ANALYSIS

The parties' main point of contention is whether Defendant Galvan was properly joined in this action. Defendants maintain that Esteban cannot assert a claim against Galvan as a matter of Texas law because he is an independent adjuster hired by State Farm, and thus owes Esteban no duty under the law. They also maintain that Esteban fails to make sufficient allegations in her Petition so as to state a claim against Galvan. Esteban counters that Galvan can be held individually liable under Texas law for his conduct in adjusting the claim, and she insists that she has stated sufficiently particular facts to make out a claim against him individually.

*A. Timeliness of Removal*

As an initial matter, the Court must first address Defendants' argument that Esteban's Amended Motion to Remand is untimely. Doc. 8, Defs.' Br. 2. Defendants maintain that Esteban filed her Amended Motion to Remand approximately 47 days after they removed this case to federal court in violation of the thirty-day limit for filing motions to remand established in 28 U.S.C. § 1447(c). This argument is incorrect for a number of reasons. First, Defendants do not acknowledge that Plaintiff filed her original Motion to Remand well within the thirty-day limit. Doc. 4, Pl.'s Mot. to Remand. While permitting a plaintiff to file an amended motion to remand outside of thirty days could create substantial prejudice to a defendant under some circumstances, permitting such an amendment here creates little prejudice, if any, because the Amended Motion does not insert new arguments or theories, but instead corrects a few minor typographical errors that existed in the original Motion. Second, and more importantly, Defendants' argument that Esteban's Motion is untimely does not give appropriate attention to the language of § 1447(c), which states that "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c) (italics added). Esteban's amended motion seeks remand based on a lack of complete diversity, which is a matter of subject matter jurisdiction, and therefore her motion to remand is proper even if it was filed outside the thirty-day time limit in 28 U.S.C. § 1447(c). *Andrews v. US Fidelity & Guar. Co.*, 789 F. Supp. 784, 786-87 (S.D. Miss. 1992).

*B. Improper Joinder*

As noted above, determining whether Galvan has been improperly joined in this matter requires the Court to first determine whether Galvan, as an independent adjuster not in contractual

privity with Esteban, can be held liable to Esteban at all under Texas law. If so, then the Court must determine whether Esteban has pled sufficient facts to make out a claim against Galvan under state law.

### 1. Galvan's Liability as an Independent Insurance Adjuster

Esteban argues that this case should be remanded because Galvan is a citizen of Texas, making complete diversity impossible in this case and thus depriving this Court of subject matter jurisdiction. Doc. 6, Pl.'s Br. 3. Contrary to Defendants' assertions in their Notice of Removal, Esteban insists that Galvan is properly joined in this suit because she can make out at least one cause of action against him. *Id.* Esteban focuses specific attention on her claims under Chapter 541 of the Texas Insurance Code, insisting that she has pled sufficient facts to make out a claim that Galvan engaged in unfair settlement practices in his role as adjuster of her claim. *Id.* at 9. Esteban points to cases from the Texas Supreme Court, the Fifth Circuit, and federal district courts to demonstrate that numerous courts have found that an adjuster can be held individually liable under the Texas Insurance Code. *Id.* at 10-13.

Defendants respond by arguing that Galvan is improperly joined in this case because, as an independent adjuster, Galvan cannot be held liable to an insured for improper investigation or advice. Doc. 8, Defs.' Resp. 4-5. Defendants cite to numerous Texas appellate cases holding that independent adjusters lack a sufficient relationship with insured parties to be held liable under various legal theories, including for violations of the Texas Insurance Code. *Id.* at 5-6. Defendants attempt to distinguish those cases that Esteban cites, arguing that those cases only establish that adjusters employed by the insurer can be held liable under the Texas Insurance Code. *Id.* at 5-7.

The Texas Insurance Code permits any person "who sustains actual damages" to bring an

action "against another person for those damages caused by the other person engaging in . . . an unfair or deceptive act or practice in the business of insurance." TEX. INS. CODE ANN. § 541.151. An "unfair or deceptive act or practice in the business of insurance" includes engaging in "unfair settlement practices with respect to a claim by an insured," which, in turn, includes

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>   (A) a claim with respect to which the insurer's liability has become reasonably clear; or . . .
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.

*Id.* § 541.060(a). A "person" under the Code includes "an *individual*, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health insurance counselor." *Id.* § 541.002 (italics added). The Texas Supreme Court has determined that the "adjustment of claims and losses" qualifies as "the business of insurance," thus making an adjuster a "person" under the Insurance Code. *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988); *see also Western States Asset Mgmt., Inc. v. AIX Specialty Ins. Co.*, No. 3:13-CV-0234-M, 2013 WL 3349514, at *4 (N.D. Tex. July 3, 2013) (Slip Copy); *Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (holding that an insurance adjuster who services a policy engages in the business of insurance and therefore could be held individually liable under the Texas Insurance Code). Under this precedent, therefore, it would appear that Galvan, as an adjuster, could be held individually liable under the Texas Insurance Code.

Defendants insist, however, that Esteban has no possibility of recovering against Galvan

because he is not State Farm's employee. Defendants rely heavily on *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697-98 (Tex. 1994), in which the Texas Supreme Court held that an independent adjuster could not be held liable to an insured party for breach of the duty of good faith and fair dealing because he lacked contractual privity with the insured. Defendants maintain that *Natividad* and its progeny show that an insured cannot hold an independent adjuster liable under any theory of law when the adjuster is not in privity with the insured. Doc. 8, Defs.' Resp. 4-7.

Defendants' arguments misconstrue the state of the law and place too much emphasis on the significance of an employment relationship between the insurer and the adjuster for purposes of making out a claim under the Texas Insurance Code. They specifically run contrary to the Fifth Circuit's holding in *Gasch*, where it concluded that *Natividad* only precluded an independent adjuster's liability for breach of the duty of good faith and fair dealing and did not insulate an insurance agency's employee-adjuster from liability under the Texas Insurance Code. *Gasch*, 491 F.3d at 282. Defendants' arguments similarly conflict with the Texas Supreme Court's holding in *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998) that an individual employee who engages in the business of insurance can be held individually liable under the Texas Insurance Code. Considered together, these two cases show that an independent adjuster can be held liable for engaging in acts that constitute the business of insurance.

Defendants try to circumvent *Gasch* and *Garrison* by interpreting these cases to mean that only an insurer's employee can be held liable under the Texas Insurance Code. But while both cases do involve an insurer's employees, neither of them holds that independent adjusters cannot be held liable under the Code. In fact, both cases actually undermine Defendants' argument that Galvan cannot be held liable as an independent agent. *Gasch* does not conclude that only an employee can

be held liable for violations of the Insurance Code, but instead reaches a broader conclusion that an adjuster's acts qualify as "business of insurance" under the Code. *Gasch*, 491 F.3d at 282. Furthermore, *Garrison* indicates that it is a party's individual acts that expose him to liability under the Texas Insurance Code, irrespective of whether he is an employee of the insurer or not. The Texas Supreme Court's primary holding in *Garrison* was that an individual employee who engages in the business of insurance can be held individually liable under the Texas Insurance Code. 966 S.W.2d at 486. In reaching its holding, however, the court recognized that excluding individual employees from the Code's definition of "person" would create "anomalous results" because it would make independent agents and brokers liable under the Code while excluding employees who engage in the same conduct. *Id.* at 485-86. The import of the court's holding is therefore that it is the individual's actions that determine his liability under the Texas Insurance Code, not his status as an employee or independent agent of the insurer. *Id.* at 486 ("To come within the statute, an employee must engage in the business of insurance."); *Rocha v. Geovera Specialty Ins. Co.*, No. 7:13-CV-0589, 2014 WL 68648, at *2 (S.D. Tex. Jan. 8, 2014) (Slip Copy) (noting that *Garrison* rejects "an extra-statutory distinction between employees and non-employees" because it would "betray the legislative intent to comprehensively regulate insurance."). Accordingly, it would make little sense to hold that an independent adjuster is excused from liability under the Code simply due to a lack of privity, despite having engaged in activities that would otherwise constitute the "business of insurance." Such would run counter to the principles established in *Garrison* as well as the broad purposes of the Insurance Code to regulate and prohibit deceptive insurance practices. *Garrison*, 966 S.W.2d at 486; *see also* TEX. INS. CODE ANN. § 541.001.

*Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 916-17 (Tex. App.–Dallas 1997, writ denied)

and other related cases that Defendants cite to are similarly unpersuasive in showing that the holding in *Natividad* precludes any suit against an independent adjuster. *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 916-17 (Tex. App.–Dallas 1997, writ denied), *disapproved of on other grounds by Apex Towing Co. v. Tolin*, 41 S.W.3d 119 (Tex. 2001); *Nitzsche v. Teams of Texas*, No. 14-05-0876-CV, 2007 WL 925803, at *2-*3 (Tex. App.–Houston (14th Dist.) Mar. 29, 2007, no pet.); *Carpenter v. Southwest Med. Examination Serv.*, 381 S.W.3d 583, 588-89 (Tex. App.–Eastland 2012, no pet.); *Crocker v. American Nat. General Ins. Co.*, 211 S.W.3d 928, 937-38 (Tex. App.–Dallas 2007, no pet.); *Dagley v. Haag Engineering Co.*, 18 S.W.3d 787, 792 (Tex. App.–Houston (14th Dist.) 2000, no pet.); *Muniz v. State Farm Lloyds*, 974 S.W.2d 229, 237 (Tex. App.–San Antonio, no pet.).[2] None of these cases directly addressed the interplay of *Garrison* and the language of the statute, which, as noted, support holding an individual liable for adjusting a claim. Moreover, these courts did not recognize that the circumstances of *Natividad* and this case contrast sharply, making the application of *Natividad*'s preclusion rule suspect. In *Natividad*, the Court affirmed that the duty of good faith and fair dealing arises out of a "special relationship" between the insurer and the insured. 875 S.W.2d at 697-98. This special relationship "emanates from the contract," but sounds in tort, because the contract "is the result of unequal bargaining power, and by its nature allows unscrupulous insurers to take advantage of their insureds." *Id.* at 698. Because the duty arises directly out of the contractual relationship between the insured and insurer, it is nondelegable, and an

---

[2]Defendants also cite to a number of federal cases to support their arguments, but each of these cases is distinguishable from the case at hand and is ultimately not persuasive. *Woodward v. Liberty Mut. Ins. Co.*, No. 3:09-CV-0228-G, 2009 WL 1904840 (N.D. Tex. May 9, 2011) (holding that an appraiser could not be held liable under the Texas Insurance Code because he did not engage in the business of insurance); *Hashempour v. Ace Am. Ins. Co.*, No. H-12-0181, 2012 WL 3948426, at *6 (S.D. Tex. Sept. 10, 2012) (holding that a company engaged by the insurer that set up an independent medical evaluation did not engage in the business of insurance and could not be held liable under the Texas Insurance Code).

independent adjuster could therefore not be held liable for a breach of the duty of good faith and fair dealing owed to the insured by the insurer. *Natividad*, 875 S.W.2d at 698. The duty at issue in this case, by contrast, is one that arises out of statute. TEX. INS. CODE ANN. § 541.003 ("A person may not engage in this state in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."). Nothing in *Natividad* suggests that an adjuster should not be held liable under the Texas Insurance Code for committing acts that constitute unfair or deceptive insurance practices, and, as noted above, *Garrison*, its related cases, and the Code itself indicate that an adjuster has an individual duty that arises when he engages in the business of insurance and that is not derived from the duty owed to the insured by an insurer. TEX. INS. CODE ANN. §§ 541.002, 541.151 (stating collectively that a plaintiff could maintain an action against a person who engages in the business of insurance, including an adjuster); *Garrison*, 966 S.W.2d at 485-86 (holding that individuals who engage in the business of insurance can be held liable under the Code in order to effectuate the purposes of the statute to regulate the business of insurance); *Gasch*, 491 F.3d at 282 (holding that a claims adjuster responsible for the adjusting of insurance policies engages in the business of insurance); *Johnson v. Zurich Am. Ins. Co.*, No. 3:11-CV-0344-P, 2011 WL 3111919, at *3 (N.D. Tex. June 29, 2011) ("In actuality, the Texas legislature has declined to distinguish between insurance companies, subcontracting service providers, and individuals for the purposes of regulating the insurance business."); *Rocha*, 2014 WL 68648, at *2.

Finally, the Court is persuaded by the reasoning from a number of federal courts that have recently held that an independent adjuster may be held liable for violations of the Texas Insurance Code. *Western States*, 2013 WL 3349514, at *4; *Johnson*, 2011 WL 3111919, at *2-*3; *Rocha*, 2014

WL 68648, at *3; *Centaurus Inglewood, LP v. Lexington Ins. Co.*, 771 F. Supp. 2d 667, 671-72 (S.D. Tex. 2011); *Rankin Road, Inc. v. Underwriters at Lloyds of London*, 744 F. Supp. 2d 630, 633-34 (S.D. Tex. 2010); *Lindsey-Duggan, LLC v. Philadelphia Ins. Co.*, No. SA-08-CA-736-FB, 2008 WL 5686084, at *2-*3 (W.D. Tex. Dec. 15, 2008). Thus, taking all of these factors into account, the Court concludes that Esteban can make out a claim against Galvan as an independent adjuster based on alleged violations of the Texas Insurance Code.

2.    Sufficiency of Esteban's Pleadings

Determining that Galvan can be held liable under the Texas Insurance Code does not necessarily determine that he has been properly joined here, however. The Court must therefore consider the sufficiency of Esteban's pleadings in order to determine if there is a reasonable basis upon which it could predict that Esteban will recover against Galvan under Texas law.

*i.    Texas or federal pleading standard*

The Court must first determine what pleading standard, the Texas or federal, will apply under these circumstances. The decision about which pleading standard to apply is "critical to resolving the issue of [the pleading's] adequacy." *Durable Specialties, Inc. v. Liberty Ins. Corp.*, No. 3:11-CV-739-L, 2011 WL 6937377, at *4 (N.D. Tex. Dec. 30, 2011). While Defendants urge the Court to apply the federal pleading standard, Esteban specifically requests that the Court adhere to the Texas "fair notice" standard.

The Fifth Circuit has not directly addressed this issue in a published opinion. *See Yeldell v. GeoVera Speciality Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *2 (N.D. Tex. Nov. 8, 2012). However, in an unpublished opinion, the Fifth Circuit has applied the Texas "fair notice" standard to an improper joinder issue. *See De La Hoya v. Coldwell Banker Mex. Inc.*, 125 F. App'x

533, 537-38 (5th Cir. 2005) (applying the Texas "fair notice" standard in an improper joinder case). Moreover, the application of the Texas pleading standard is more appropriate under these circumstances given that the federal pleading standard under *Twombly* and *Iqbal* is arguably more stringent than the Texas "fair notice" requirement, and "[f]undamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern." *Durable Specialities*, 2011 WL 6937377, at *5. Thus, this Court will apply the Texas pleading standard to determine whether Esteban has stated a claim for relief against Galvan.

Texas state courts follow a "fair notice" pleading standard, which looks to "whether the opposing party can ascertain from the pleading[s] the nature and basic issues of the controversy and what testimony will be relevant." *SFTF Holdings, LLC v. Bank of Am.*, No. 3:10-CV-0509-G, 2011 WL 1103023, at *1 (N.D. Tex. Mar. 22, 2011) (quoting *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). A pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. Tex. R. Civ. P. 45(b). Furthermore, an original petition should be construed liberally in favor of the pleader, and the court "should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993); *see also Landor v. State Farm Lloyds*, No. 3:12-CV-4268-M, 2013 WL 1746003, at *2 (N.D. Tex. April 23, 2013).

    ii.    *Esteban's allegations*

Esteban maintains that the factual allegations contained in her Petition are sufficient under the Texas pleading standard to state a claim under the Texas Insurance Code and points to a number of cases in which federal courts have determined that similar allegations were sufficient to

make out such claims. *Id.* at 13-17.

Defendants aver that Esteban has failed to plead sufficient factual allegations so as to make out a claim under either the federal or Texas pleading standard. *Id.* at 8-9. Defendants assert that Esteban's Petition sets forth only a mere possibility that a cause of action could exist, and maintain that all of her claims are merely based on conclusory and nonspecific allegations of wrongdoing. *Id.* at 9-12.

The Court concludes that Esteban's factual allegations are sufficient to state a claim under the Texas Insurance Code. Esteban alleges in her Original Petition that Galvan "improperly adjusted" her claim, and that his report therefore "failed to include many of [Esteban]'s damages." Doc. 1-5, Orig. Pet. Ex. C, at 3-4. She charges that "[h]is estimate did not allow adequate funds to cover repairs to restore [her] home" and that Galvan "misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy." *Id.* at 4. While these allegations are relatively spare and lacking in specificity, the Court determines that they allege sufficient facts under the lenient Texas fair notice standard such that Defendants would have adequate notice of the "nature and basic issues of the controversy and what testimony will be relevant." *SFTF Holdings, LLC*, 2011 WL 1103023, at *1; *see also Campos v. Am. Bankers Ins. Co.*, No. H-10-0594, 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010) ("The fact that the pleadings do little more than recite the elements of the statutory claims might be viewed as pleading insufficiency in federal court and might be the basis for an order granting leave to amend. But this court cannot conclude that there is no reasonable basis to predict that Campos might recover against Castilleja in state court."). Specifically, the Petition alleges that Galvan was an adjuster engaged in the business of insurance,

and therefore a "person" under the Texas Insurance Code. TEX. INS. CODE ANN. § 541.002; *Gasch*, 491 F.3d at 282. Additionally, the Petition alleges that Galvan improperly adjusted Esteban's claim and misrepresented certain key facts related to her damages and coverage, which is sufficient to state a claim under § 541.060. These allegations are sufficient to state a claim under the Texas Insurance Code, and Galvan is therefore properly joined as a party to this action.

A number of courts have reached similar conclusions when faced with allegations very similar to those presented here. *See Western States*, 2013 WL 3349514, at *5-*6 (holding that there was a reasonable basis for finding that plaintiffs would recover under the Texas Insurance Code when they pled that independent adjusters were "hired to help adjust the claim," "failed to fully quantify damage suffered by Plaintiffs," "intentionally solicited lower repair estimates from competing contractors," and "improperly withheld significant amounts of the claim payment because of payments made by another insurance company"); *Campos*, 2010 WL 2640139, at *5 (holding that allegations that the defendant adjuster mishandled a claim by "misrepresenting the policy coverage, failing to attempt a fair settlement, failing to act within a reasonable time to affirm or deny coverage or to reserve rights, failing to conduct a reasonable investigation, and failing to explain [defendant insurer's] reasons for denying payment" were sufficient to state a claim under the Texas Insurance Code); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744, at *3-*4 (S.D. Tex. Apr. 30, 2010) (holding that allegations that an adjuster had "misrepresented to Plaintiff that the damage to the Property was not covered under the Policy," "failed to make an attempt to settle Plaintiff's claim in a fair manner," and "failed to explain to Plaintiff the reasons for their offer of an inadequate settlement" were sufficient to make out claims under the Texas Insurance Code).

While Esteban asserts other causes of action against Galvan, the Court does not need to rule

on the sufficiency of these claims because it has already concluded that Esteban has stated a valid claim against Galvan under the Texas Insurance Code. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("Although our fraudulent joinder decisions have never made the issue entirely pellucid, § 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."). Because Galvan is properly joined as a defendant in this case, diversity does not exist and this Court lacks subject matter jurisdiction. Accordingly, Esteban's Motion to Remand should be **GRANTED**.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is **GRANTED**. The Court **REMANDS** this case to the 95th Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

**SIGNED: May 22, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE